UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT L. HOLLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 1:15-cv-01104-WTL-DML |
| ) | |
| DUSHAN ZATECKY, Superintendent, ) | |
| ) | |
| Respondent.[1] ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The petition of Robert Holleman for a writ of habeas corpus is denied and this cause is dismissed with prejudice. In addition, a certificate of appealability will not be issued. These conclusions rest on the following facts and circumstances:

1.     Holleman is serving a life sentence following his conviction for felony murder in an Indiana state court. *See Holleman v. State*, 400 N.E.2d 123 (Ind. 1980).

2.     Holleman became eligible for parole after serving 20 years of his sentence. Since that time, however, the Indiana Parole Board has seen fit to deny Holleman parole.

3.     Holleman brings the present action challenging the Indiana Parole Board's denial of parole. Holleman first challenged the denial of parole in an action for post-conviction relief in the trial court. The denial of post-conviction relief was affirmed in *Holleman v. State,* 27 N.E.3d 344, 346 (Ind.Ct.App. 2015), *trans. Denied,* and the filing of this action followed. This action is before the court for its preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts.*

---

[1] The inclusion of the Indiana Parole Board as a co-respondent is improper and is stricken.

4. "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). The scope of the Great Writ is limited because a viable habeas claim pursuant to § 2254(a) necessarily precludes a claim which is not based on alleged noncompliance with federal law. *See Wilson v. Corcoran,* 131 S. Ct. 13, 16 (2010)("But it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."). As the Supreme Court has clearly stated, "federal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011) (citing *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim presents no federal issue at all." *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004) (quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

5. The principles just recited means that an asserted violation of state law does not present a viable or cognizable claim for relief pursuant to § 2254(a). Holleman is therefore not entitled to relief based on the asserted violations of Indiana law. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions").

6. Holleman also claims in his habeas petition that he was denied constitutional due process. Liberty interests protected by the Due Process Clause may arise from the Due Process Clause itself or from the laws of the states. *See Sandin v. Conner,* 515 U.S. 472, 483–84 (1995).

    a. A prisoner has no federal constitutional right to be released before the expiration of his sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979).

    b. It has been definitively determined that under Indiana statutes "a prisoner has neither a liberty nor a property interest in his application for parole." *Huggins v.*

*Isenbarger*, 798 F.2d 203, 206 (7th Cir. 1986); see also *Hendrix v. Borkowski*, 927 F.2d 607 (7th Cir. 1991)("This court has concluded that the Indiana parole scheme creates neither a liberty nor property interest in an application for parole.")(citing *Huggins*); *Ware v. Rizzo*, No. 3:07-CV-584RM, 2007 WL 4287467, at *2 (N.D.Ind. Dec. 3, 2007)("Indiana has not created a protectable liberty interest in parole."). Holleman's habeas petition argues that the denial of parole was a denial of due process, but this argument takes him nowhere, for when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it choses, or no procedures at all."*Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

7.      The foregoing demonstrates that Holleman's petition shows on its face that he is not entitled to a writ of habeas corpus.

## II.

Judgment consistent with this Entry shall now issue.

## III.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Holleman has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date:  7/20/15

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT L. HOLLEMAN
10067
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064